**[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 647.]**

CINCINNATI BAR ASSOCIATION *v.* SULLIVAN.

**[Cite as Cincinnati Bar Assn. v. Sullivan, 1995-Ohio-255.]**

*Attorneys at law—Misconduct—Permanent disbarment—Neglect of an entrusted legal matter—Prior history of professional misconduct.*

(No. 94-2254—Submitted January 24, 1995—Decided April 5, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-24.

_____

{¶ 1} Relator, Cincinnati Bar Association, charged respondent, Sharon A. Sullivan of Cincinnati, Ohio, Attorney Registration No. 0001002, with having violated, inter alia, DR 6-101(A)(3) (neglect of an entrusted legal matter). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on June 10, 1994.

{¶ 2} In *Cincinnati Bar Assn. v. Sullivan* (1991), 59 Ohio St.3d 157, 571 N.E.2d 436, respondent received a public reprimand for a prior violation of DR 6-101(A)(3) and for having failed to carry out a contract for professional employment in violation of DR 7-101(A)(2). On December 14, 1992, respondent received an indefinite suspension from the practice of law for a second violation of DR 7-101(A)(2) and for ten other violations of the Disciplinary Rules. *Cincinnati Bar Assn. v. Sullivan* (1992), 65 Ohio St. 3d 293, 603 N.E.2d 983.

{¶ 3} Evidence submitted to prove the misconduct charged in this complaint established that Raymond Yeager, a man of small means and little education, asked respondent during 1992 to represent him in a divorce and custody dispute. Yeager paid respondent $250 on July 3, 1992, $100 on August 1, 1992, $140 on October 1, 1992, $125 on October 21, 1992, $100 on December 3, 1992, and $100 on December 31, 1992.

**{¶ 4}** Respondent testified that Yeager paid these amounts to compensate her for her efforts to find another attorney to represent him, not because she had agreed to take his case. Respondent described how she referred Yeager first to Legal Aid Society, and then to relator. She offered a letter dated June 17, 1992, in which she specifically advised Yeager that she was not able to represent him, but would continue to help him find representation if relator's counsel could not.

**{¶ 5}** In June 1992, the attorney to whom relator's counsel referred Yeager offered to represent him for a $250 retainer and $125 an hour. In July of that year, however, Yeager wrote to respondent to tell her that he wanted her to be his attorney. Events occurring after this letter, as well as respondent's acceptance of at least $715 from Yeager,[1] establish that he legitimately expected her to handle his case, and that she did not.

**{¶ 6}** In October 1992, the attorney for Yeager's wife sent written notice to Yeager that a final divorce hearing would be held on December 15, 1992. In November 1992, respondent provided Yeager a copy of a letter she had received from his wife's attorney. The letter stated that respondent had discussed with the attorney Yeager's desire to send his child some gifts, and it referred to respondent as Yeager's attorney. At the same time, respondent advised Yeager that she had received the box of materials Yeager requested from his former lawyer, and she offered to report the contents. Respondent also provided Yeager a copy of a motion to reconsider the custody decision that she promised to file on his behalf. She added that "I may not be able to attend the hearing on the motion, but will assist you in finding someone who will." On November 31, 1992, Yeager wrote to respondent to thank her for her help and asked her to write or call if he needed to attend the December 15, 1992 hearing.

---

1. Respondent represents that Yeagers' last payment was a money order that she has negotiated.

**{¶ 7}** Respondent did not file the motion she mentioned to Yeager, nor did she file any other documents. Neither Yeager nor respondent appeared at the December 15 hearing, and on December 22, 1992, a final decree of divorce was entered against Yeager. No appeal was taken.

**{¶ 8}** On January 30, 1993, Yeager asked respondent to refund his money and return his file. Respondent has not complied with this request.

**{¶ 9}** The panel determined that respondent had violated DR 6-101(A)(3), and, in view of respondent's history of professional misconduct, recommended that she be permanently disbarred. The board adopted the panel's finding and its recommendation.

———————————

*Frost & Jacobs* and *Beth A. Myers*; *Thompson, Hine & Flory* and *Deborah DeLong*; and *Edwin W. Patterson III*, for relator.

*John H. Burlew*, for respondent.

———————————

*Per Curiam.*

**{¶ 10}** After reviewing the record, we agree with the board's findings of misconduct and its recommendation. Sharon A. Sullivan is, therefore, permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————